UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEREMIAH LITTLE,<br><br>                Plaintiff,<br><br>  vs.<br><br>STATE OF SOUTH DAKOTA;<br>U.S. GOVERNMENT, individual capacity; PENNINGTON COUNTY SHERIFFS DEPT., individual capacity; PENNINGTON COUNTY JAIL; DEPUTIE SCHMIDT;<br>CAP. HAGA, individual capacity;<br>SGT. ANDERSON, individual capacity;<br>RAPID CITY POLICE DEPARTMENT;<br>REGINAL WEST; C.O. MEYERS; and PUBLIC DEFENDER DANIEL LEON,<br><br>                Defendants. | CIV. 14-5069-JLV<br><br><br>ORDER GRANTING *IN FORMA PAUPERIS* AND DISMISSING CASE |

      On October 15, 2014, plaintiff Jeremiah Little, an inmate at the Pennington County Jail in Rapid City, South Dakota, filed a multiple count complaint against the defendants. (Docket 1).  Mr. Little also moves for leave to proceed *in forma pauperis* and submitted a current copy of his prisoner trust account report.   (Dockets 2 & 4).

      Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act (PLRA), governs proceedings filed *in forma pauperis*.  When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible.  See 28 U.S.C. § 1915(b)(1).   The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

>(A) the average monthly deposits to the prisoner's account; or
>
>(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.  In support of his motion, Mr. Little provided a copy of his prisoner trust account report signed by an authorized prison official.  (Docket 4).  The report shows an average monthly deposit for the past six months of $8.00, an average monthly balance for the past six months of $0.00, and a current balance of $0.00.  Id.  In light of this information, the court finds Mr. Little is indigent, qualifies for *in forma pauperis* status, and is not required to make an initial partial filing fee payment.  These findings do not discharge the $350 filing fee, but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

>Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee."  Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).  During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief

2

may be granted" or "seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   The court may dismiss a complaint under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   Id. at 327.

Because Mr. Little is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Little used a Civil Rights Complaint By A Prisoner form.   (Docket 1). Under Section A. Jurisdiction, Mr. Little did not check the box asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 1983; or 1(b) 28 U.S.C. § 1331; or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971); or 1(c) Other.   Id. at p. 1(A)(1)(a), (b) & (c).   For the following analysis, the court presumes Mr. Little intended to bring this action under § 1983 or Bivens.

Mr. Little's complaint contains three separate counts. Count 1 alleges his "constitutional rights were violated[, my] civil rights as a human being." (Docket 1 at p. 4). On the complaint form for designation of the issues presented Mr. Little checked "retaliation." Id. Mr. Little claims the sheriff's office is targeting Lakota people for abuse because his people own the Black Hills. Id. He also alleges the sheriff's office takes away Lakota children to torment him and as racists they conduct video surveillance in the jail. Id. Mr. Little claims injuries of "stress, headaches, traumatized, indeludegenal [sic] stress, mental." Id.

Count 2 alleges Mr. Little's "constitutional rights were violated[,] civil rights as a human being." Id. at p. 5. On the complaint form for designation of the issues presented Mr. Little checked "retaliation." Id. He alleges that throughout his entire life the Rapid City Police Department has been harassing him as a Lakota person. Id. He alleges the police department and its officers are harassing and killing his people. Id. Mr. Little alleges Regional West gave out confidential information about him. Id. Mr. Little claims injuries of "mental stress, headaches[,] traumatized." Id.

Count 3 alleges Mr. Little's "constitutional rights were violated[,] civil rights as a human being were violated." Id. at p. 6. On the complaint form for designation of the issues presented Mr. Little checked "retaliation." Id. He alleges the public defender provided ineffective assistance of counsel in preparation for trial. Id. Mr. Little alleges his due process rights are being

4

violated because he wants to go to trial and his attorney wants him to take a plea offer.  Id.  Mr. Little claims injuries of "stress, emotional suffering and pain, headaches, mental delution [sic]."  Id.

In the request for relief section of the complaint form Mr. Little seeks money damages of one million dollars.  Id. at p. 7.

A claim under § 1983 requires a plaintiff to allege and prove the defendants were acting under color of state law in depriving the plaintiff of a right secured by the Constitution of the United States.  "Every person who, under color of any statute [or] regulation . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  42 U.S.C. § 1983.  Section 1983 does not confer subject matter jurisdiction.  The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law.  42 U.S.C. § 1983.

"[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity."  Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998) (referencing Kentucky v. Graham, 473 U.S. 159, 169 (1985)).  A suit will be allowed to proceed, however, if the state has waived immunity.  See Morstad, 147 F.3d at 744.  South Dakota has not waived its immunity to suit under the Eleventh Amendment.

The claims against the defendants who are or may be considered state actors are the only individuals against whom Mr. Little could pursue a § 1983 claim. There are no specific allegations rising to the level of a constitutional right charged against those defendants sued in their individual capacity. The allegations in the complaint are scattered in time, events, relationships and historical settings that no cognizable constitutional claim exists. Mr. Little has no individual constitutional right in the claims made. Mr. Little's claims against Regional West and Public Defender Leon similarly are incoherent so no cognizable constitutional claim exists. Mr. Little has no individual constitutional right in the claims made.

Federal officials do not act under state law. A Bivens claim is a constitutional claim brought against federal officials acting under color of federal law, rather that state officials acting under color of state law. See Bivens, 403 U.S. 388 (1971). "[A] *Bivens* action is analogous to a claim under 42 U.S.C. § 1983. The law developed under the two doctrines applies equally to the two types of cases, regardless of whether the action is a *Bivens* action or a § 1983 action." Abebe v. Seymour, C.A. No. 3-12-377-JFA-KDW, 2012 WL 1130667 at *2, n.3 (D.S.C. April 4, 2012) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999)).

A Bivens action "may not be asserted against the United States, its agencies, or against federal employees in their *official* capacity." Chavez-Garcia v. Kopf, No. 4:06cv3114, 2006 WL 1401686 at *1 (D. Neb. May 18, 2006) (emphasis in original) (holding a Bivens action did "not state a viable cause of

action" against a federal district judge in his or her official capacity).  A claim against a defendant in his or her official capacity is a suit against the United States.  "A claim cannot be brought against the United States unless the United States waives its sovereign immunity and consents to be sued.  The United States has not waived its sovereign immunity in Bivens actions."  Dockery v. Miller County Sheriff's Dept., Civil No. 4:10-cv-4070, 2011 WL 4975185 at *4 (W.D. Ark. Sept. 12, 2011).

The court finds the doctrine of sovereign immunity bars Mr. Little's claims against the United States government and any federal defendants sued in either their individual or official capacities.  Claims against agencies of the United States government are claims against the United States.  Sovereign immunity bars those claims as well.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint, unless amendment would be inequitable or futile.  In this instance, Mr. Little cannot amend his complaint to allege a valid § 1983 claim or Bivens claims involving the general nature of the topics alleged.

The court finds plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted.  Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   Accordingly, it is hereby

ORDERED that Mr. Little's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Little shall, whenever the amount in Mr. Little's trust account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed as frivolous and for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that this action constitutes a first strike against Mr. Little for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated November 17, 2014.

                              BY THE COURT:

                              /s/ *Jeffrey L. Viken*
                              JEFFREY L. VIKEN
                              CHIEF JUDGE